```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

```
_____
                               :
OSCAR PRIOR-RAMIREZ,           :
                               :     Civ. No. 21-4321 (NLH)(AMD)
          Plaintiff,           :
                               :
     v.                        :
                               :
APN STACY WILLIAMS-HALL,       :     OPINION
et al.,                        :
                               :
          Defendants.          :
_____:
```

APPEARANCE:

Oscar Prior-Ramirez
698645/543336D
South Woods State Prison
215 South Bridgeton Road
Bridgeton, NJ 08302

    Plaintiff pro se

HILLMAN, District Judge

    I.    INTRODUCTION

Plaintiff is a state inmate currently incarcerated at the South Woods State Prison ("SWSP") in Bridgeton, New Jersey. He is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has in forma pauperis status.

At this time, this Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the complaint is proceeded in part and dismissed without prejudice in part.

II.  BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names two Defendants in the caption of his complaint; (1) APN Stacy Williams-Hall – nurse practitioner at SWSP; and (2) John Doe(s) 1-10.

Plaintiff states he is a paraplegic which causes urinary retention problems. See ECF No. 1 at 5. Catheters are inserted through his urethra and into his bladder to insure passage of urine into a drainage bag. See id.

Plaintiff states Wiliams-Hall has continuously inserted his catheter incorrectly by failing to follow proper procedures. See id. Plaintiff indicates this has caused blood to leak from his penis at times. See id. On one occasion, Williams-Hall told Plaintiff he "could change [the catheter] himself" when Plaintiff complained during a catheter change. See id. at 8. Plaintiff underwent two surgeries to correct damages caused inside his body by the actions of Williams-Hall. See id. Plaintiff complaints about Williams-Hall's performance to prison staff have been ignored. See id.

Plaintiff seeks monetary damages and injunctive relief. See id. at 19.

III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions. See 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

4

> District of Columbia, subjects, or causes to
> be subjected, any citizen of the United
> States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities
> secured by the Constitution and laws, shall
> be liable to the party injured in an action
> at law, suit in equity, or other proper
> proceeding for redress, except that in any
> action brought against a judicial officer
> for an act or omission taken in such
> officer's judicial capacity, injunctive
> relief shall not be granted unless a
> declaratory decree was violated or
> declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. See Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); see also West v. Atkins, 487 U.S. 42, 48 (1988).

IV.   DISCUSSION

A. APN Stacy Williams-Hall

Plaintiff sues Williams-Hall under the Eighth Amendment for her deliberate indifference to his serious medical needs.

> For the delay or denial of medical care to
> rise to a violation of the Eighth
> Amendment's prohibition against cruel and
> unusual punishment, a prisoner must
> demonstrate "(1) that defendants were
> deliberately indifferent to [his] medical
> needs and (2) that those needs were
> serious." Rouse v. Plantier, 182 F.3d 192,
> 197 (3d Cir. 1999). Deliberate indifference

5

> requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." Rouse, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

Pierce v. Pitkins, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." See McCluskey v. Vincent, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" See

6

Mitchell v. Beard, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting Monmouth Cnty. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987))).

Plaintiff has adequately alleged a serious medical need. He is a paraplegic who requires the use of catheters to drain urine. See Roy v. Corr. Med. Servs., Inc., 522 F. App'x 597, 600-01 (11th Cir. 2013) (acknowledging need to change catheter constitutes serious medical need); Dvorak v. Marathon Cnty., No. 01-450, 2002 WL 31115191, at *6 (W.D. Wis. July 29, 2002) ("The undisputed fact that plaintiff must use a catheter in order to urinate (and has since 1995) establishes that she has a serious medical need.").

Additionally, at this early stage of the proceedings, this Court finds Plaintiff has adequately alleged Williams-Hall's deliberate indifference.  If Plaintiff only alleged Williams-Hall's actions occurred on one or two occasions, this Court would be inclined to find he failed to allege deliberate indifference.  See Soto v. Loadholt, No. 12-477, 2015 WL 631338, at 4-5 (E.D. Cal. Feb. 12, 2015) (catheter insertion on one occasion performed very aggressively and in a painful manner fails to state deliberate indifference even when defendant maintained a negative and painful approach when plaintiff complained).  However, Plaintiff alleges Williams-Hall's actions

7

occurred "continuously" and that the problem happened "too many times before."  See ECF No. 1 at 5, 7.  Given these additional allegations, Plaintiff alleges sufficient facts to make out a plausible claim that a prison official persisted in a course of treatment in the face of resultant pain and risk of permanent injury; namely Williams-Hall continually improperly inserting Plaintiff's catheter without correction even in the face of resultant pain and risk of permanent injury.  Accordingly, Plaintiff's complaint against Williams-Hall will be allowed to proceed.

    B. John Doe(s) 1-10

    Plaintiff's complaint is silent regarding any "John Doe's" personal involvement besides their mention in the caption.  This is fatal to Plaintiff's claims against any "John Doe(s)."  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.").  Thus, Plaintiff's claims against the "John

Doe(s)" are dismissed without prejudice for failure to state a claim upon which relief may be granted.

V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint will be proceeded in part.  Plaintiff's complaint may proceed in its entirety against Defendant Williams-Hall, but will be dismissed without prejudice for failure to state a claim against John Doe(s) 1-10.

An appropriate order will be entered.


Dated: September 28, 2021        s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.